UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SATIRA SHIPPING COMPANY LIMITED,

    Plaintiff,

v.                                                           Civil Action No. 3:24-cv-443

GLOBAL AMERICAN TRANSPORT LLC,

    Defendant.

## MEMORANDUM IN SUPPORT OF VERIFIED COMPLAINT PRAYING FOR ISSUANCE OF WRIT OF ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

Plaintiff Satira Shipping Company Limited ("Satira" or "Plaintiff") files this memorandum in support of its Verified Complaint requesting the Court to issue an order directing the Clerk of the United States District Court for the Eastern District of Virginia to issue an Order of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), against Defendant's tangible and/or intangible property within the possession, custody or control of garnishees within the District, including the garnishee, Bank of America, set forth in the Plaintiff's Verified Complaint.

Plaintiff respectfully submits that all requirements for the issuance of an order of attachment pursuant to Rule B are satisfied here. Rule B(1)(b) provides, in pertinent part, that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." ADM. R. B(1)(b). It is also well established that the relevant conditions of Rule B look to whether: "1) [the plaintiff] has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be

found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 537, 541 (2013) (*quoting Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)).

Here, there can be no question that Plaintiff has a valid prima facie admiralty claim against the Defendant for breach of a Charter Party contract based on the Defendant's failure to pay amounts due and owing under a Charter Party contract between Plaintiff and Defendant and for Defendant's allowing maritime liens to accrue against the Vessel in violation of the terms of the Charter Party. Further, as set forth in the accompanying Declaration of Patrick M. Brogan, the Defendant cannot be found within this District for purposes of Rule B. However, Defendant's property is or soon will be within this District. Lastly, there is no statutory or maritime law bar to the attachment.

Further, Plaintiff respectfully requests pursuant to Rule 4(c) of the Federal Rules of Civil Procedure. and the provisions of Rule B(1)(d)(ii) of the Supplemental Rules for Admiralty or Maritime Claims, that this Court order the appointment of any attorney, paralegal or employee over the age of eighteen of Kaufman & Canoles, P.C. and/or Lennon, Murphy and Phillips, LLC or any other person instructed by such persons, in addition to the United States Marshal, to serve Process of Maritime Attachment and Garnishment on the Garnishee named therein, together with other additional garnishees subsequently identified. Any persons who would be instructed by the above persons to serve such process are over 18 years of age and are not parties to this action.

For all the foregoing reasons, Plaintiff respectfully prays that the Court issue an Order directing the United States District Clerk for the Eastern District of Virginia, to issue a Process of Maritime Attachment and Garnishment directing the United States Marshal, his agent(s), Patrick

2

M. Brogan, or any other person appointed by him, or any attorney, paralegal, or employee of Kaufman and Canoles, P.C. and/or Lennon, Murphy & Phillips, LLC, or any other person instructed by such persons to attach any of Defendant's property, tangible or intangible, which is or soon will be within this District, including in the hands of garnishee Bank of America, and serve this Process of Maritime Attachment and Garnishment upon all garnishee(s).

Plaintiff prays for all other relief to which it may be entitled at law or in equity.

Dated: June 17, 2024

> The Plaintiff,
> SATIRA SHIPPING COMPANY LIMITED
>
> By: _____/s/ *Patrick M Brogan*_____
> Patrick M. Brogan
> KAUFMAN & CANOLES
> 150 W. Main Street
> P.O. Box 3037
> Norfolk, Virginia 23514
> (757) 624-3115 (T)
> (888) 360-9092 (F)
> pmbrogan@kaufcan.com
>
> Patrick F. Lennon
> Steven R. Winters
> LENNON, MURPHY & PHILLIPS, LLC
> The Graybar Building
> 420 Lexington Ave., Ste. 300
> New York, New York 10170
> (212) 490-6050 (T)
> (212) 490-6070 (F)
> pfl@lmplaw.net
> srw@lmplaw.net