UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division


SATIRA SHIPPING COMPANY LIMITED,

       Plaintiff,

v.                                         Civil Action No. 3:24-cv-443


GLOBAL AMERICAN TRANSPORT LLC,

       Defendant.

## DECLARATION OF PATRICK M. BROGAN
## IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

Patrick M. Brogan declares as follows

1.      I am an attorney at the law firm Kaufman & Canoles, P.C. counsel for Plaintiff,

Satira Shipping Company Limited ("Plaintiff") in the above-captioned matter.

2.      I submit this declaration in support of Plaintiff's request for the issuance of Process

of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil

Procedure ("Rule B").

## **DEFENDANT IS NOT PRESENT IN THE DISTRICT**

3.      I have read the Verified Complaint filed in this action and know the contents thereof

and believe the same to be true and accurate to the best of my knowledge, information and belief.

4.      I have researched or have had an associate research and inquire whether the

Defendant has a presence or can be found within this District.

5.      We have reviewed the database of business entities on file with the Virginia State

Corporation Clerk's Information System. The search produced no record of the Defendant ever

being registered or authorized to transact business in the state of Virginia. Accordingly, I have determined that as of June 14, 2024, the Defendant is not incorporated or registered as a foreign corporation pursuant to the laws of Virginia. In addition, the Defendant has neither nominated nor appointed an agent for the service of process within this District.

6. An internet search of the Whitepages and Yellowpages directory identified no telephone listing or address within this District for the Defendant.

7. A general Internet search via Google identified no information suggesting the presence of the Defendant within this District.

8. I am personally unaware of any general or managing agent(s) of the named Defendant within this District.

9. I have found no indication that the Defendant can be found within this District. Defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District.

10. Based on the foregoing, I have formed a good faith belief that the Defendant cannot be found within this District for the purposes of Rule B.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

11. Plaintiff seeks a further Order from this Court pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick M. Brogan or any other partner, associate, paralegal or agent of Kaufman & Canoles, P.C. and/or Lennon, Murphy & Phillips, LLC, or any process server, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold property of, for or on account of, the Defendant.

12.     Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment or award ultimately obtained by Plaintiff and entered against the Defendant.

13.     To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to non-party garnishees.

**PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES**

14.     Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this action, be holding, or are believed to be holding, property of the Defendant, within this District.  Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court an amended proposed writ seeking simply to name additional garnishee(s).

**PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS**

15.     Further, in order to avoid the need to physically serve the garnishee(s) daily and repetitively, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

16. I declare under penalty of perjury that all of the foregoing is true and correct.

Dated: June 17, 2024

_____/s/ *Patrick M Brogan*_____
Patrick M Brogan (VSB No. 25568)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Tel: 757.624.3115
Fax: 888.360.9092
Email: pmbrogan@kaufcan.com