IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SATIRA SHIPPING
COMPANY LIMITED,

v.  Criminal No. 3:24cv443 (DJN)

GLOBAL AMERICAN
TRANSPORT LLC,
        Defendant.

## ORDER
### (Granting Motion for Issuance of Process of Maritime Attachment and Garnishment and Appointing Process Server)

This matter comes before the Court on Plaintiff Satira Shipping Company Limited's ("Plaintiff") Complaint, (ECF No. 1), and Motion for Issuance of Process of Maritime Attachment and Garnishment and Appointment of Special Process Server, ("Motion," ECF No. 3). For the reasons set forth herein, the Court hereby GRANTS the Motion, (ECF No. 3).

On June 17, 2023, Plaintiff filed its Complaint against Defendant Global American Transport LLC ("Defendant") for damages amounting to $592,518.94, and requested issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B").

Rule B(1)(b) provides that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." ADM. R. B(1)(b). The relevant conditions of Rule B include whether: "1) [the plaintiff] has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Vitol, S.A. v.*

*Primerose Shipping Co.*, 708 F.3d 527, 541 (4th Cir. 2013). Furthermore, "[a]fter receiving notice of Supplemental Rule B attachment, the defendant is entitled to contest the attachment at a prompt hearing pursuant to Rule E(4)(f)." *Id.*

Upon due consideration, and for good cause shown, the Court hereby:

ORDERS that pursuant to Rule B, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of $592,518.94 belonging to, due or owing to, from or for the benefit of Defendant, including but not limited to such property as may be held, received or owed in Defendant's name(s) or as may be held, received or transferred for its benefit within the possession, custody or control of non-party garnishee Bank of America and/or any other banking/financial institutions and/or other entities, or such other Garnishees as may be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served;

ORDERS that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court;

ORDERS that following initial service by the United States Marshal or other designated process server upon each Garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including email, to any Garnishee;

ORDERS that service on any Garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day;

ORDERS that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each Garnishee may consent, in writing, to accept service by any other means.

ORDERS that any person claiming an interest in the property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing during which Plaintiff shall be required to show why the garnishment should not be vacated or other relief granted;

ORDERS that, to afford an opportunity for a prompt hearing to resolve any objections which might be raised by Defendant or any Garnishee, a hearing may be set by calling the Clerk's Office; and

ORDERS that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 24, 2024