UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SATIRA SHIPPING COMPANY LIMITED,**

      **Plaintiff,**

v.                                                     Civil Action No. 3:24-cv-443

**GLOBAL AMERICAN TRANSPORT LLC,**

      **Defendant.**

## NOTICE OF POSITION

Plaintiff Satira Shipping Company Limited ("Satira"), by counsel, files this notice of position in response to this Honorable Court's order of September 25, 2024. Satira has good cause for not yet having filed proof of service on the Defendant in that proof of service on the Defendant is not strictly required for Plaintiff's relief. Furthermore, Defendant's garnishee, Bank of America ("Garnishee") has caused delay by not complying with the rules and practice governing this action. Satira has complied with the requirements of service under Rule B of the Supplemental Rules for Admiralty and Maritime Claims. In support, counsel states as follows:

1.    Satira filed a Verified Complaint invoking this Court's admiralty jurisdiction and sought remedy under Rule B of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. 28 U.S.C. § 1333; Fed. R. Civ. P. Rule 9(h); ECF 1. Service on the Garnishee was completed on June 25, 2024. ECF 9. A copy of the pleadings were mailed to the Defendant, Global American Transport LLC, soon after the Complaint was filed. *See* **Attachment 1**. Sometime after Garnishee filed its Answer, ECF 12, Plaintiff learned from Defendant that funds in the amount of $400,000 were seized in the account

identified in the pleadings. These funds were said to have entered Garnishee's possession after the date of service on the Garnishee. As a matter of routine practice, Plaintiff served Garnishee with the writ of attachment and garnishment a second time, along with interrogatories. *See* Fed. R. Civ. P. Rule B(3)(a) ("Interrogatories to the garnishee may be served with the complaint without leave of court."). Garnishee has refused to answer the interrogatories.

2. Rule B is a quasi-in-rem procedure unique to the Court's admiralty powers conferred by the United States Constitution and the Judiciary Act of 1789. The Federal Rules of Civil Procedure apply except to the extent that they are inconsistent with the Supplemental Rules. Fed. R. Civ. P. Rule A(2).

3. Formal service of a summons and complaint upon the defendant is not strictly necessary in a Rule B action. Service upon the Garnishee effectuates service upon the Defendant. *See* Fed. R. Civ. P. Rule B(3)(b) ("The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee."). The Court has jurisdiction over the defendant's property up to the value of the property found within the District. Personal jurisdiction over a defendant is not necessary for a default judgment as to the property found within the District. *See* 29 Moore's Fed. Practice-Civil § 705.04 ("Although service of quasi in rem process is used to obtain jurisdiction over a defendant, it is not the equivalent of personal service . . . where the defendant is not personally served and does not personally appear, or enters a restricted appearance. . . any judgment rendered is limited to the value of the attached property.")(internal quotation marks omitted).

4. To comply with notions of fair play and due process, any party in interest may challenge the attachment by requesting a Rule E(f)(4) hearing. No challenge has yet been filed. Insofar as the Federal Rules guide the Court's disposition of attached property prior to a E(f)(4)

hearing, the Federal Rules permit this Court to "assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule." Fed. R. Civ. P. 4(n)(1).

5. Rule B provides that notice is sufficient when either service has been effected under Rule 4, or when either the plaintiff or the garnishee has mailed the pleadings using any form requiring return receipt, or when the plaintiff or garnishee have tried diligently to give notice. Fed. R. Civ. P. Rule B(2). Plaintiff has mailed the pleadings and has continued to correspond with both Defendant and Garnishee regarding this matter. Accordingly, Plaintiff has shown good cause for the delay in formal service of process. *See* Fed. R. Civ. P. 4(I)(3).

6. Notwithstanding the foregoing, Plaintiff is arranging for service of the Summons and Complaint on the Defendant via its registered agent in Delaware, which is expected to be completed today or tomorrow.

Dated: October 2, 2024                     **SATIRA SHIPPING COMPANY LIMITED**

                                           By: ___*/s/ Christopher M. Seelie*___
                                           Patrick M. Brogan (VSB No. 28145)
                                           Christopher M. Seelie (VSB No. 99544)
                                           KAUFMAN & CANOLES, P.C.
                                           150 West Main Street, Suite 2100
                                           Norfolk, VA 23510
                                           T: (757) 624-3000
                                           F: (888) 360-9092
                                           cmseelie@kaufcan.com
                                           *Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to filing users in this matter.

By:    */s/ Christopher M. Seelie*
Patrick M. Brogan (VSB No. 28145)
Christopher M. Seelie (VSB No. 99544)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
pmbrogan@kaufcan.com
cmseelie@kaufcan.com
*Counsel for Plaintiff*
